# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT MAGHAKIAN ) | CASE NO. 3:12-cv-02346-UN4 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | *Assigned to:* |
| ) | District Judge James M. Munley |
| CABOT OIL & GAS CORPORATION, ) | |
| FACTORY EQUIPMENT ) | |
| EXCAVATING, and GASSEARCH ) | **ORAL ARGUMENT REQUESTED** |
| DRILLING SERVICES ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## BRIEF IN SUPPORT OF DEFENDANT CABOT OIL & GAS CORPORATION'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.5, Defendant Cabot Oil & Gas Corporation ("Cabot") files this Brief in Support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). Plaintiff Scott Maghakian ("Plaintiff") failed to sufficiently allege facts to support a claim for negligence against Cabot. Specifically, Plaintiff failed to plead facts to establish that Cabot owed him a legally-recognized duty and that Cabot breached that duty resulting in harm to the Plaintiff. To the contrary, Plaintiff alleged that Defendant Factory Equipment Excavating's ("Factory Equipment") negligent conduct was the direct cause of Plaintiff's alleged injuries. As a result, this Court should dismiss Plaintiff's First Amended Complaint against

Cabot with prejudice.

## I. <u>INTRODUCTION</u>[1]

Plaintiff alleged that on or about November 29, 2010, he was injured while working as an independent contractor for Landstar Corp. ("Landstar"),[2] at a natural gas well site located on property leased[3] by Cabot in Susquehanna County, Pennsylvania. Doc. 42, ¶ 1. While on the location, Plaintiff was injured when another independent contractor at the same location, Defendant Factory Equipment, dumped "soil cement or some other hazardous substance" in a negligent manner, resulting in a "very large cloud of dust" to which Plaintiff was allegedly exposed. Doc. 42, ¶¶ 1, 8 and 11. Plaintiff contended that the "dust cloud" sickened him and resulted in him being hospitalized. Doc. 42, ¶¶ 1 and 8.

In addition to other contractors such as the Plaintiff, who was working for Landstar, Cabot's subsidiary and contractor, GasSearch Drilling Services

---

[1] At the motion to dismiss stage, Cabot necessarily accepts facts pled by the Plaintiff as true. Cabot will contest Plaintiff's allegations at the summary judgment state.

[2] Plaintiff did not, and cannot, allege that he or Landstar were working directly or indirectly for Cabot. Plaintiff was a contractor hired by Landstar to move a drilling rig owned by Helmerich & Payne, Inc. ("H&P"). Motion, ¶ 15, n.3. H&P was in the process of moving its rig from the Cabot well site in Susquehanna County to a Chief Oil & Gas Corporation well site in Sullivan County, Pennsylvania. *Id*.

[3] Plaintiff alleged that Cabot was the "lessor" of the property (Doc. 42, ¶ 1); however, Cabot believes that Plaintiff's use of the term "lessor" was inadvertent. As a company that leases property from landowners, Cabot is a "lessee."

Corporation ("GDS"), was working on the property at the time of the alleged incident.  Doc. 42, ¶ 12.  Plaintiff did not allege that Cabot was present or even aware that Plaintiff would be at the location on the day in question.

Plaintiff pled one allegation concerning Cabot—that Cabot was the lessor of the property on which he allegedly was injured.  Based on that fact, Plaintiff asserted the unsupported legal conclusions that Cabot:  (i) had a duty to "protect persons and workers who came onto its premises" from "harms that they [*sic*] knew or in the exercise of reasonable diligence should have known of"; (ii) Cabot had a "further" duty to "warn persons and workers" like Plaintiff of "potential dangers and dangerous conditions"; and (iii) that Cabot failed to do so.  Doc. 42, ¶¶ 9-10.

The Court should dismiss Plaintiff's First Amended Complaint against Cabot because Plaintiff failed to sufficiently allege facts to support a claim of negligence against Cabot.  As an initial matter, Plaintiff failed to allege facts to support a claim for breach of a duty to "protect." Although Plaintiff alleged that Cabot was the lessee of the property upon which he was allegedly injured, he pled no facts showing that he was an "invitee" of Cabot such that Cabot would potentially owe him a duty to use reasonable care to protect him from dangerous conditions on the site.

Plaintiff has also failed to state a claim for negligence premised on an alleged breach of a duty to "warn." Based on the facts as alleged, the Plaintiff was, at most, a licensee. Under that scenario, Cabot may have owed a duty to use reasonable care to warn Plaintiff about dangerous conditions, of which Cabot knew or had reason to know. However, Plaintiff pled no facts to show that Cabot knew or had reason to know of a dangerous condition, i.e., the "dust cloud" that supposedly caused his injuries. To the contrary, Plaintiff alleged that the dust cloud was caused by the negligent manner in which Defendant Factory Equipment dumped the material. The dust cloud was not an existing condition, or a latent or hidden defect as to which Cabot had special knowledge. Plaintiff did not allege that Cabot was present on the well site at the time, had any knowledge of Factory Equipment's activities, or that it knew or had reason to know of or anticipate the "dust cloud." Thus, on the facts pled, Cabot did not breach a duty to use reasonable care to warn Plaintiff of a dangerous condition on the well site.

Because Plaintiff did not and cannot allege facts to show that Cabot owed a duty to protect or breached a duty to warn, this Court should dismiss Plaintiff's First Amended Complaint against Cabot with prejudice.

## II. STATEMENT OF QUESTION INVOLVED

**Should the Court Dismiss Plaintiff's First Amended Complaint Against Cabot Because Plaintiff Did Not Allege Facts Sufficient to Show That Cabot: (i) Owed a Duty to Protect Plaintiff from Danger on the Well Site; and (ii) Breached a Duty to Warn Plaintiff of a Dangerous Condition Existing on the Well Site?**

Suggested Answer:  Yes.

## III. STANDARD OF REVIEW

In considering a motion to dismiss under Federal Rule 12(b)(6), courts undertake a three-step analysis to determine whether a complaint adequately states a claim upon which relief may be granted:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotations omitted). To survive a motion to dismiss, a plaintiff must "plead more than the possibility of relief," but rather the complaint must "show such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, or credit a complaint's bald assertions or legal conclusions." *Mickel Drilling Partners v. Cabot Oil & Gas*

*Corp.*, No. 3:CV-11-0061, 2012 WL 4953081, at *5 (M.D. Pa. Oct. 16, 2012) (internal citation and quotations omitted); *see also Zupp v. Cabot Oil & Gas Corp.*, No. 3:CV-12-2333, 2013 WL 1935358, at *4 (M.D. Pa. May 9, 2013) (court need not credit bald assertions and legal conclusions of complaint).[4] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Mickel DrillingPartners*, 2012 WL 4953081, at *4 (quoting *Iqbal*, 556 U.S. at 679).

## IV. ARGUMENT

Plaintiff's First Amended Complaint against Cabot should be dismissed because Plaintiff failed to allege facts sufficient to state a plausible claim to relief against Cabot for negligence. To state a claim for negligence, Plaintiff must plead facts that, if true, would establish that Cabot breached some legally-recognized duty that Cabot owed to him. *Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 596 (Pa. 2012) (citing *Bilt–Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 280 (Pa. 2005)). Plaintiff failed to state a claim for negligence because Plaintiff did not allege facts sufficient to show that Cabot had a legal duty to "protect" Plaintiff from danger at the well location or that Cabot breached a legal duty to "warn" Plaintiff of a dangerous condition existing at the well location.

---

[4] Unreported cases are attached.

### A. Plaintiff Did Not Allege Facts Sufficient to Show That Cabot Owed a Duty to Protect Him from Danger on the Well Site.

In his First Amended Complaint, Plaintiff alleged that Cabot was negligent because it allegedly breached a duty to "protect" him from dangerous conditions on Cabot's well site. Doc. 42, ¶ 10. Plaintiff, however, failed to plead facts that would establish that Plaintiff owed him any such legal duty.[5]

Merely because Cabot is the lessee of the property where Plaintiff allegedly was injured does not mean that Cabot owed Plaintiff a duty to "protect" him from dangerous conditions there. The "duty of a possessor of land toward a third party entering the land depends upon whether the entrant is a trespasser, licensee, or invitee." Cresswell v. End, 831 A.2d 673, 675 (Pa. Super. Ct. 2003). Although "[p]ossessors of land owe a duty to invitees to protect them from foreseeable harm," Cochrane v. Kopko, 975 A.2d 1203, 1206 (Pa. Commw. Ct. 2009), Plaintiff failed to allege facts sufficient to show that he was an invitee.

In order to support his claim that Cabot owed him a duty to protect him from danger on the well location, Plaintiff must allege facts to show that he was on the

---

[5] The existence of any duties Cabot may have owed Plaintiff is, of course, a legal issue, and Plaintiff's conclusory assertions that particular duties exist are therefore entitled to no weight on a motion to dismiss. R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005) (stating, with respect to a negligence claim, that "[t]he existence of a duty is a question of law for the court to decide"); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint [for purposes of a motion to dismiss] is inapplicable to legal conclusions").

location as an invitee. An invitee is *invited* to enter or remain on land for a purpose for which the land is held open to the public (a public invitee), or for a purpose directly or indirectly connected with business dealings with the possessor of the land (a business visitor). *Cresswell*, 831 A.2d at 675; RESTATEMENT (SECOND) OF TORTS § 332. A possessor *desires* that an invitee enter his property; he does not merely *permit* the entry, as he does with a licensee. *See Cresswell*, 831 A.2d at 675.

Plaintiff did not and cannot allege that he was an invitee. Here, Plaintiff alleged that he was hired as an independent contractor for Landstar, moving rig parts. Doc. 42, ¶ 1. Plaintiff did not and cannot allege that he or Landstar was hired by Cabot or that he was working directly or indirectly for Cabot in any capacity.[6] Thus, Plaintiff was at most a licensee in relation to Cabot.

Because the facts pled would at most permit a conclusion that Plaintiff was a licensee, Cabot did not owe him a legal duty to "protect" him from dangerous conditions on the well site. Thus, Plaintiff has failed to state a claim for negligence based upon an alleged breach of such a duty.

---

[6] Landstar was working as an independent contractor for Dalton Logistics, a company that was hired by Helmerich & Payne, Inc. ("H&P") to move H&P's drilling rig parts from Cabot's location in Susquehanna County to Chief Oil & Gas, LLC's well location Sullivan County, Pennsylvania.

### B. Plaintiff Did Not Allege Facts Sufficient to Show That Cabot Breached a Duty to Warn Him of a Dangerous Condition Existing on the Well Site.

Plaintiff also asserted that Cabot was negligent because it supposedly breached a duty to "warn" him of "potential dangers and dangerous conditions" on the well site. Doc. 42, ¶ 10. Plaintiff, however, did not plead facts that would establish that Cabot breached any duty to warn that it might have possessed as lessee of the well site property.

On the facts pled, Plaintiff was at most a licensee in relation to Cabot. A licensee is one who is privileged to enter or remain on the land only by virtue of the possessor's consent. *Cresswell*, 831 A.2d at 676; RESTATEMENT (SECOND) OF TORTS § 330. Plaintiff alleged that he was on the location working as an independent contractor for Landstar, not Cabot. Doc. 42, ¶ 1. Plaintiff did not and cannot allege that he was working directly or indirectly in any capacity for Cabot. Thus, Plaintiff was no more than a licensee.

A possessor of land has at most a duty to warn licensees of a dangerous condition (or alternatively to make it safe) in certain narrow circumstances. *See Holpp v. Fez, Inc.*, 656 A.2d 147, 149 (Pa. Super. Ct. 1995) (stating that a landowner owes a licensee a duty "to warn the licensee of dangerous hidden conditions"); *Ott v. Unclaimed Freight Co.*, 577 A.2d 894, 898 (Pa. Super. Ct.

1990) (describing the duty of care owed to licensees); RESTATEMENT (SECOND) OF TORTS § 342 (same).

Under Pennsylvania law, a "possessor" of land owes a duty to licensees to use reasonable care to warn of a dangerous condition on the land (or *alternatively* to make it safe) only if: (i) the possessor "knows or has reason to know of" the existence of the condition; (ii) the possessor should realize that the condition involves an unreasonable risk of harm to the licensee, and should expect that the licensee will not discover or realize the danger; *and* (iii) the licensee does not "know or have reason to know of" the condition and risk. *Ott v. Unclaimed Freight Co.*, 577 A.2d at 898 (describing the duty of care owed to licensees); RESTATEMENT (SECOND) OF TORTS § 342 (same).

To breach a duty to warn a licensee of a dangerous condition, a possessor must have "actual or constructive notice of the allegedly dangerous condition." *Alexander v. City of Meadville*, 61 A.3d 218, 222 (Pa. Super. Ct. 2012). There is no general duty to warn of "potential" or unknown dangers.

Here, Plaintiff did not and cannot plead facts to show that Cabot knew or had reason to know of the existence of the "dust cloud" created by Defendant Factory Equipment's negligent conduct that allegedly injured him. The dust cloud was not an existing condition, or a latent or hidden defect as to which Cabot had special knowledge. To the contrary, Plaintiff alleged that the "dust cloud" arose as

- 10 -

a result of the negligent manner in which Defendant Factory Equipment dumped the material on the location. Doc. 42, ¶¶ 8 and 11.

Plaintiff did not allege facts that would show that Cabot had reason to anticipate that Factory Equipment would act in a negligent manner and create a "dust cloud." Indeed, Plaintiff does not even allege that Cabot personnel were present at the well site at the time the alleged "dust cloud" materialized, or that Cabot even knew, or had any reason to know, of Factory Equipment's presence or activities at the well site. Plaintiff failed to allege any facts that would show that Cabot had actual or constructive knowledge of the dust cloud.

On the facts as pled, Plaintiff had just as much, *if not more*, knowledge and information about the "dust cloud" as Cabot had. Thus, Cabot could not have breached its limited duty to warn by failing to warn Plaintiff of the "dust cloud." Because Plaintiff failed to sufficiently allege facts to show that Cabot breached a duty to warn of an existing dangerous condition, this Court should dismiss Plaintiff's First Amended Complaint against Cabot.

## V. CONCLUSION

WHEREFORE, because Plaintiff has not alleged and cannot allege facts sufficient to show that Cabot owed and breached a duty to protect the Plaintiff from danger on the well location and that Cabot breached a duty to warn the Plaintiff of an existing dangerous condition of which Cabot had actual or

constructive knowledge, Cabot requests that this Court grant its Motion and enter an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's negligence claim against Cabot with prejudice.

Respectfully submitted,

Date:  March 18, 2014

/s/ Amy L. Barrette
Amy L. Barrette, Esq.  (PA 87318)
   amy.barrette@nortonrosefulbright.com
FULBRIGHT & JAWORSKI LLP
Southpointe Energy Complex
370 Southpointe Boulevard, Suite 300
Canonsburg, PA  15317
Telephone:  (724) 416-0400
Facsimile:  (724) 416-0404

*And*

Justin Tschoepe, Esq.  (TX 24079480)
   justin.tschoepe@nortonrosefulbright.com
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:   (713) 651-5246

Counsel for Defendant *Cabot Oil & Gas Corporation*